been adjudicated the judgment is not "final" for purposes of appeal. *Medeiros v. Hilton Homes, Inc.*, R.I., 408 A.2d 598 (1979). The judgment in the instant case is therefore interlocutory and not properly before this court.

In view of the absence of a Rule 54(b) certificate and the fact that the judgment appealed from lacks finality, the appeal is improperly before the court and is remanded for further proceedings.

Thomas J. GRADY

v.

Mary E. GRADY.

No. 79–66–A.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Edward E. Dillon, Jr., Cumberland, for appellant.

William Y. Chaika, Cranston, for appellee.

ORDER

This case came before a panel of this court for oral argument on October 20, 1981, pursuant to an order issued to the husband to show cause why his appeal from a decree of the Family Court increasing child support payments should not be dismissed. Upon consideration of the briefs filed in the case and the arguments of counsel, we are of the opinion that cause has not been shown. Consequently, the husband's appeal is hereby dismissed.

MURRAY and SHEA, JJ., did not participate.

PROVIDENCE GRAVURE, INC.

v.

John H. NORBERG, Tax Administrator.

No. 81–141–A.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Edwards & Angell, Edward F. Hindle, Philip B. Barr, Jr., Jeffrey C. Schreck, Providence, for plaintiff.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Asst. Atty. Gen., Perry Shatkin, Chief Legal Officer (Taxation), for defendant.

ORDER

Since review of the Superior Court judgment in this case should have been sought by petition for certiorari, the defendant's motion to dismiss plaintiff's appeal is granted.

PROVIDENCE GRAVURE, INC.

v.

John H. NORBERG, Tax Administrator.

No. 81–294–M.P.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Edwards & Angell, Edward F. Hindle, Philip B. Barr, Jr., Jeffrey C. Schreck, Providence, for petitioner.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Asst. Atty. Gen., Perry Shat-

**754**

kin, Chief Legal Officer (Taxation), for respondent.

## ORDER

The petition for writ of certiorari is denied.

## PROVIDENCE JOURNAL COMPANY

v.

**John H. NORBERG, Tax Administrator.**

### No. 81–295–M.P.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Edwards & Angell, Edward F. Hindle, Philip B. Barr, Jr., Jeffrey C. Schreck, Providence, for petitioner.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Asst. Atty. Gen., Perry Shatkin, Chief Legal Officer (Taxation), for respondent.

## ORDER

The petition for writ of certiorari is denied.

## PROVIDENCE JOURNAL COMPANY

v.

**John H. NORBERG, Tax Administrator.**

### No. 81–137–A.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Edwards & Angell, Edward F. Hindle, Philip B. Barr, Jr., Jeffrey C. Schreck, Providence, for plaintiff.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Asst. Atty. Gen., Perry Shatkin, Chief Legal Officer (Taxation), for defendant.

## ORDER

Since review of the Superior Court judgment in this case should have been sought by petition for certiorari, the defendant's motion to dismiss plaintiff's appeal is granted.

## The WILLIMANTIC TRUST COMPANY

v.

**Edgar PHILLIPS.**

### No. 79–278–A.

Supreme Court of Rhode Island.

Oct. 22, 1981.

Rice, Dolan, Kiernan & Kershaw, Thomas C. Plunkett, Providence, for plaintiff.

Davis, Jenckes & Kilmarx, Henry M. Swan, Providence, for defendant.

## ORDER

This case comes before a panel of this court upon an order issued to the plaintiff to appear and show cause why defendant's appeal from the entry of a partial summary judgment should not be sustained in light of *Norberg v. Warwick Liquors*, 107 R.I. 129, 265 A.2d 648 (1970). Pursuant to this order, counsel for the parties argued the matter on October 20, 1981.

After consideration of the briefs filed in the case and the arguments of counsel, we are of the opinion that the affidavit filed by